UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMY SMITH, ) | |
|     Plaintiff, ) | |
| ) | |
|     vs. ) | 1:04-cv-0796-SEB-VSS |
| ) | |
| JAMES M. TONEY and JOHN ) | |
| CHRISTNER TRUCKING CO., INC., ) | |
|     Defendants. ) | |

**CERTIFICATION TO THE INDIANA SUPREME COURT**

This litigation involves a claim by Plaintiff, Amy Smith ("Plaintiff") against James M. Toney and John Christner Trucking Co., Inc. (Defendants) for negligent infliction of emotional distress as a result of her having viewed the aftermath of an automobile accident which killed her fiancee.[1]  Defendants have moved for summary judgment, arguing that Plaintiff cannot satisfy as a matter of law the requirements necessary to bring a bystander claim for negligent infliction of emotional distress, pursuant to Groves v. Taylor, 729 N.E.2d 569, 573 (Ind. 2000),[2] because her relationship

---

[1] Although not officially engaged, the evidence establishes that the couple was on the verge of their formal engagement intending to make it official in the very near future when they closed on the house they were jointly purchasing.  Based on circumstances beyond their control, the closing had been postponed to a later date, unfortunately falling after the victim's death, thereby precluding their formal engagement.

[2] The test is explained there as follows:

> We therefore hold that where the direct impact test is not met, a bystander may nevertheless establish "direct involvement" by proving that the plaintiff actually witnessed or came on the scene soon after the death or

(continued...)

with the deceased was not "analogous" to that of a spouse and, further, that she did not come upon the scene of the accident "soon after the death."

Pursuant to Indiana Appellate Rule 64(A), the following questions are hereby respectfully certified to the Indiana Supreme Court:

1. Under the test elaborated in <u>Groves v. Taylor</u> for bringing a bystander claim of negligent infliction of emotional distress, are the temporal and relationship determinations regarding whether a plaintiff "actually witnessed or came on the scene soon after the death of a loved one with a relationship to the plaintiff analogous to a spouse, parent, child, grandparent, grandchild, or sibling" issues of law or fact, or are they mixed questions of law and fact?

2. If an issue of law, is a fiancee an "analogous" relationship as used in <u>Groves</u> and is "soon after the death of a loved one" a matter of time alone or also of circumstances?

These issues arise under the recent test announced in <u>Groves v. Taylor</u>, in which case, for the first time, the Indiana Supreme Court, recognized a broadening of the "direct impact" rule to include "alternate criteria of direct involvement." 729 N.E.2d at 573.

---

[2](...continued)
    severe injury of a loved one with a relationship to the plaintiff <u>analogous to a spouse</u>, parent, child, grandparent, grandchild, or sibling caused by the defendant's negligent or otherwise tortuous conduct.

<u>Id.</u> (emphasis added)

Our research discloses that ours may be the first court to face the need to apply Indiana law regarding whether a plaintiff's relationship to the injured or deceased person was "analogous" to that of a "spouse, parent, child, grandparent, grandchild, or sibling." Similarly, we are in need of the Indiana Supreme Court's guidance in applying the time requirement of "soon."

Our review of the decisions of other jurisdictions as well as the Indiana Court of Appeals in Blackwell v. Dykes Funeral Homes, Inc., 771 N.E.2d 692, 697 (Ind.App. 2002), does not resolve our uncertainty in applying Groves to the case at bar.[3]

The Clerk of Court is directed to forward forthwith this certified question to the Clerk of the Indiana Supreme Court, along with a certified copy of the following related documents: 1) the docket sheet for this cause; 2) the complaint; and 3) the parties' briefs on Defendants' Motion for Summary Judgment.  Respectfully submitted – .

---

[3] Ryan v. Brown,  827 N.E.2d 112, 124 -125 (Ind.App. 2005); Luttrell v. McDonald's Corp.,  2004 WL 2750244, *5 (S.D.Ind. 2004); Bowen v. Lumbermens Mut. Cas. Co., 183 Wis.2d 627, 517 N.W.2d 432 (1994); Biercevicz v. Liberty Mut. Ins. Co., 49 Conn.Supp. 175, 181-182, 865 A.2d 1267, 1268 (Conn.Super. 2004); Graves v. Estabrook,  149 N.H. 202, 207, 818 A.2d 1255, 1260 (N.H. 2003); Thurmon v. Sellers, 62 S.W.3d 145, 164 (Tenn.Ct.App. 2001); Grotts v. Zahner, 115 Nev. 339, 341, 989 P.2d 415, 416 (Nev. 1999); Chester v. Mustang Mfg. Co., Inc., 998 F.Supp. 1039, 1050 (N.D.Iowa 1998); Rosin v. Fort Howard Corp., 222 Wis.2d 365, 372, 588 N.W.2d 58, 62 (Wis.App. 1998); Carter v. Fenner, 1996 WL 426674, *1 (E.D.La. 1996); Dunphy v. Gregor, 136 N.J. 99, 109-110, 642 A.2d 372, 378 (N.J. 1994); Richmond v. Shatford,  1995 WL 1146885, *2 (Mass.Super. 1995); Reynolds v. State Farm Mut. Auto. Ins. Co.,  611 So.2d 1294, 1297 (Fla.App. 4 Dist. 1992); Simmons v. Hartford Ins. Co., 786 F.Supp. 574, 577 (E.D.La. 1992); Masaki v. General Motors Corp., 71 Haw. 1, 18, 780 P.2d 566, 576 (Hawaii 1989); Nancy P. v. D'Amato, 401 Mass. 516, 520, 517 N.E.2d 824, 826 (Mass. 1988); Tommy's Elbow Room, Inc. v. Kavorkian, 727 P.2d 1038, 1043 (Alaska 1986); Immediacy of Observation of Injury As Affecting Right to Recover Damages For Shock or Mental Anguish From Witnessing Injury to Another, 99 A.L.R.5th 301.

Date: 09/02/2005

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copy to:

James Walter Boswell II
jacook2@iquest.net

Michael Brian Langford
SCOPELITIS GARVIN LIGHT & HANSON
mlangford@scopelitis.com

Stephen L. Williams
MANN LAW FIRM
steve@mannlawfirm.com