UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMY SMITH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-CV-0796-SEB-JMS |
| | ) | |
| JAMES M. TONEY and JOHN | ) | |
| CHRISTNER TRUCKING CO., INC., | ) | |
|     Defendants. | ) | |

**ENTRY GRANTING DEFENDANTS' RENEWED
MOTION FOR SUMMARY JUDGMENT**

This litigation involves a claim by Plaintiff, Amy Smith ("Plaintiff") against James M. Toney and John Christner Trucking Co., Inc. ("Defendants") for negligent infliction of emotional distress based on her having viewed the aftermath of an automobile accident which killed her fiancée. Currently before the Court is Defendants' Renewed Motion for Summary Judgment on Plaintiff's claim. Defendants filed this Motion after the Indiana Supreme Court handed down its opinion in Smith v. Toney, 862 N.E.2d 656 (Ind. March 13, 2007), answering this court's certified questions.[1] Defendants argue that the Supreme

---

[1] The two certified questions were:

1. Under the test elaborated in Groves v. Taylor [729 N.E.2d 569 (Ind. 2000)] for bringing a bystander claim of negligent infliction of emotional distress, are the temporal and relationship determinations regarding whether a plaintiff "actually witnessed or came on the scene soon after the death of a loved one with a relationship to the plaintiff analogous to a spouse, parent, child, grandparent, grandchild, or sibling" issues of law or fact, or are they mixed questions of law and fact?

(continued...)

Court's holding that "although a spouse may assert such a claim of negligent infliction of emotional distress, a fiancée may not" is dispositive of this case. Smith, 862 N.E.2d at 657.

In Smith v. Toney, the Indiana Supreme Court concluded, first, that, in a case of negligent infliction of emotional distress, the requirements of relationship between the parties and proximity of the plaintiff to the scene are issues of law. 862 N.E.2d at 658. Second, the Indiana Supreme Court held that a fiancée is not "analogous to a spouse," under Groves v. Taylor, 729 N.E. 569 (Ind. 2000), and thus may not recover as a bystander on a claim for negligent infliction of emotional distress. Smith, 862 N.E.2d at 660. Finally, the Indiana Supreme Court ruled that under a bystander theory of recovery, the proximity requirement in Groves is both a matter of time and circumstances.[2]

Both parties agree, as they must, that Smith and the accident victim, Eli Welch, were engaged to be married, but were not husband and wife at the time Mr. Welch was killed and that this single undisputed fact, in and of itself, defeats Smith's negligent

---

[1](...continued)
    2.    If an issue of law, is a fiancée an "analogous" relationship as used in Groves and is "soon after the death of a loved one" a matter of time alone or also of circumstances?

See Order, Docket No. 44.

[2] Plaintiff contends that the courts are required to look at the circumstances in determining the proximity requirement for bystander recovery. Id. at 663. Plaintiff argues that she would oppose summary judgment if this Court chooses to address the time and circumstance requirement based on the Indiana Supreme Court's ruling and the facts previously set forth in Plaintiff's opposition to the original Motions for Summary Judgment. Pl.'s Resp. in Opposition to Renewed Motion for Summ. J. at 2.

infliction of emotional distress claim.  See Defs.' Renewed Motion at 2, citing Smith Depo. at 65, Attachment 1 to Defs.' App. of Evid. in Supp. of Motion for Summ. J; see also Pl.'s Resp. to Renewed Motion at 1 (stating "Supreme Court concluded . . . that the fiancée's relationship in this case was not analogous to a spouse. . . . Entry of summary judgment on this basis would thus be appropriate.")  We decline to decide whether Plaintiff's proximity to the accident scene was sufficient to state a claim of negligent infliction of emotional distress deeming this issue moot.

In light of the Indiana Supreme Court's determination that a fiancée may not recover as a bystander under a claim of intentional infliction of emotional distress, Smith cannot prevail on her Complaint as a matter of Indiana law, and Defendants are entitled to summary judgment in their favor.  IT IS SO ORDERED.

Date:  05/14/2007

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

James Walter Boswell II
jacook2@iquest.net

Michael Brian Langford
SCOPELITIS GARVIN LIGHT & HANSON
mlangford@scopelitis.com

Stephen L. Williams
MANN LAW FIRM
steve@mannlawfirm.com